Barbara BERGEN, Relator,

v.

SONNIE OF ST. PAUL, INC., Respondent,

Department of Employment and Economic Development, Respondent.

No. A10–1498.

Court of Appeals of Minnesota.

June 6, 2011.

Barbara Bergen, Overland Park, KS, pro se relator.

Sonnie of St. Paul, Inc., Woodbury, MN, respondent.

Lee B. Nelson, Amy R. Lawler, Department of Employment and Economic Development, St. Paul, MN, for respondent department.

Considered and decided by HUDSON, Presiding Judge; TOUSSAINT, Judge; and CRIPPEN, Judge.*

## OPINION

HUDSON, Judge.

Relator challenges the determination of an unemployment-law-judge (ULJ) that her employment was noncovered, making her ineligible for unemployment-compensation benefits. Because the ULJ did not err by determining that her employment was noncovered, based on her ownership of more than 25% of a limited-liability company, which in turn owned more than 25% of the corporation, and because the corporation failed to file an election to designate her employment as covered employment, we affirm.

## FACTS

Relator Barbara Bergen began working for Sonnie of St. Paul, Inc. (corporation), a retail women's-clothing store, in 1998. In 2008, B.A. Bergen, LLC (LLC), a limited-liability company owned by Bergen, purchased all of the stock in the corporation from its original owner. Bergen owns 100% of the shares of the LLC, which, in turn, owns all of the stock in the corporation.

When she purchased the corporation, Bergen did not file an election to have her employment covered by unemployment insurance. She was not aware that she needed to file such an election, and she contends that she was not notified that it was required in order for her to receive unemployment-compensation benefits. Her salary contributed to the unemployment-tax base for the business during her employment.

The retail store closed in 2010 because of declining business. Bergen established a benefits account with the Department of Employment and Economic Development (DEED) and applied for benefits. In the application, she listed herself as "President/100% owner" of the corporation. A department adjudicator denied benefits on the ground that, during the base period for Bergen's unemployment, she owned 25% or more of her employer and she did not elect unemployment-insurance coverage for corporate officers who owned 25% or more of the corporation or LLC members who owned 25% or more of the LLC.

Bergen appealed, and, after a hearing, a ULJ affirmed the denial of benefits. The

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

ULJ found that Bergen was a corporate officer who owned 25% or more of the corporation through her LLC, and she was also a member of the LLC and owned 25% or more of the LLC. The ULJ rejected Bergen's argument that, because she worked for the corporation, but only owned the LLC, she was not "a non-owner, non-officer of the corporation for purposes of unemployment benefits." Bergen filed a request for reconsideration, and the ULJ affirmed. This certiorari appeal follows.

## ISSUE

Did the ULJ legally err by determining that Bergen's employment with the corporation was noncovered employment, based on her 100% ownership of the LLC that owned 100% of the corporation?

## ANALYSIS

■ This court reviews a ULJ's decision to determine whether a party's substantial rights were prejudiced because the findings, inferences, conclusion, or decision are unsupported by substantial evidence in view of the record as a whole or affected by an error of law. Minn.Stat. § 268.105, subd. 7(d) (2010). On undisputed facts, whether an employee is ineligible to receive unemployment benefits is a question of law, which this court reviews de novo. *Ress v. Abbott Nw. Hosp., Inc.*, 448 N.W.2d 519, 523 (Minn.1989).

Whether an individual is an employee is a mixed question of law and fact. *Jenson v. Dep't of Econ. Sec.*, 617 N.W.2d 627, 629 (Minn.App.2000), *review denied* (Minn. Dec. 20, 2000). The court views the ULJ's findings of fact "in the light most favorable to the decision," and will not disturb those findings "when the evidence substantially sustains them." *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn.App.2006). After the controlling facts are decided,

whether a person is considered an employee is a question of law. *Jenson*, 617 N.W.2d at 629.

To be eligible to receive unemployment-compensation benefits, an applicant must have earned wages from covered employment. *Irvine v. St. John's Lutheran Church of Mound*, 779 N.W.2d 101, 104 (Minn.App.2010); *see also* Minn.Stat. § 268.069, subd. 1(1) (2010) (conditioning eligibility on establishment of benefit account); Minn.Stat. § 268.07, subd. 2(a) (2010) (requiring applicant to have earned a minimum amount of wages within base period to establish benefit account). "Covered employment" is defined essentially as any employment performed in Minnesota unless it is excluded as "noncovered employment." Minn.Stat. § 268.035, subd. 12 (2010).

"Noncovered employment" includes "employment of a corporate officer, if the officer owns 25 percent or more of the employer corporation, and employment of a member of a limited liability company, if the member owns 25 percent or more of the employer limited liability company." Minn.Stat. § 268.035, subd. 20(29) (2010). If an employer files an election for coverage for employees who perform noncovered employment, and that election for coverage that is accepted by the commissioner, those employees may be eligible for benefits. Minn.Stat. § 268.042, subd. 3(a) (2010).

The ULJ determined that Bergen's employment was noncovered employment because she owned 25% or more of the corporation through the LLC and she was a member of the LLC and owned more than 25% of the LLC. Bergen argues, however, that her indirect ownership of the corporation through the LLC does not make her an owner of the corporation for the purposes of designating her employment as noncovered employment. She maintains

that Minn.Stat. § 268.035, subd. 20(29), does not explicitly designate her employment as noncovered, and it would be impermissibly expanding the statutory definition of noncovered employment to exclude her from receiving benefits.

■ This court considers issues of statutory interpretation de novo. *Carlson v. Dep't of Emp't & Econ. Dev.*, 747 N.W.2d 367, 371 (Minn.App.2008). If a statute is unambiguous, we must apply its plain language. Minn.Stat. § 645.16 (2010); *Carlson*, 747 N.W.2d at 371. A statute is ambiguous if it is reasonably susceptible to more than one interpretation. *Carlson*, 747 N.W.2d at 371–72. "We are to read and construe a statute as a whole and must interpret each section in light of the surrounding sections." *Am. Fam. Ins. Group v. Schroedl*, 616 N.W.2d 273, 277 (Minn. 2000).

■ Bergen argues that, under the statute, her employment would be noncovered in two situations: (1) if she were employed by the corporation and owned at least 25% of the corporation; or (2) if she were employed by the LLC and owned at least 25% of the LLC. Minn.Stat. § 268.035, subd. 20(29). She argues that, because neither of these situations occurred, her 100% ownership of the controlling LLC should be disregarded in determining whether she has a controlling interest in the corporation. But the statute contains the word "and," which generally has a conjunctive meaning. *See* Minn.Stat. § 645.08(1) (2010) (stating that words are "construed according to rules of grammar and according to their common and approved usage"). We conclude that the statute is not ambiguous and that, in reading it as a whole, we may examine a corporate officer's interest of more than 25% in a related LLC in order to determine whether that officer's corporate employment is noncovered for the purposes of establishing entitlement to unemployment-compensation benefits.

■ In this case, Bergen does not dispute that she controls 100% of the corporation through her 100% ownership of the LLC. In her original benefits application, she listed herself as "President/100% owner" of the corporation. In addition, Bergen has failed to allege facts sufficient to permit a reasonable inference that the LLC and the corporation operated distinctly in terms of business operations or control. For instance, she has not alleged that the LLC engaged in business opportunities other than its ownership of the corporation, or that, as sole owner of the LLC, she did not directly control the composition of the corporation's board or her employment. Because Bergen owned all of the shares of the LLC, which, in turn, owned all of the stock of the corporation, she could vote the shares of the LLC to determine all business matters relating to the corporation. Therefore, we conclude that Bergen's 100% ownership of the controlling LLC also gave her the requisite controlling interest in the corporation that employed her, and the ULJ did not err by determining that her employment was noncovered.

■ Bergen also argues that, even if her employment were noncovered employment, she is entitled to benefits because she was not provided notice of her obligation to elect unemployment coverage. But, effective July 1, 2005, the legislature has required Minnesota employers who wish to treat such noncovered employees as covered employees to file an election with the commissioner. 2004 Minn. Laws ch. 183, § 14, at 264 (currently codified at Minn.Stat. § 268.042, subd. 3(a)). The commissioner must also approve the election. *Id.* DEED represents that it mailed notice of this requirement to all employers

in 2004, and we note that the DEED website also allows an employer to apply online to elect that coverage. Bergen's position is unpersuasive.

Finally, Bergen argues that she is equitably entitled to recover benefits because the corporation paid unemployment taxes on her wages. But unemployment benefits are provided exclusively by statute, and "[t]here is no equitable ... allowance of unemployment benefits." Minn.Stat. § 268.069, subd. 3 (2010). Therefore, Bergen could not show an entitlement to benefits on an equitable basis. We note, however, that employers may apply for a credit adjustment for unemployment taxes paid for four years after the payment became due. Minn.Stat. § 268.057, subd. 7(a) (2010). Accordingly, Bergen retains the remedy of applying for a refund of the amount she paid in unemployment taxes for herself during the previous four years.

## DECISION

Through Bergen's 100% ownership of the controlling LLC, she also owned 100% of the corporation that employed her. Accordingly, her employment is noncovered employment, and she has failed to establish her entitlement to unemployment-compensation benefits.

**Affirmed.**